NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In Re: NATIONWIDE AMBULANCE SERVICES INC., <br>         Debtor. <br><br> ALEXANDER IVCHENKO, <br>                  Appellant, <br>    v. <br><br> NANCY ISAACSON, CHAPTER 7 TRUSTEE, <br>                  Appellee. | Civil Action No.: 2:19–18584 <br><br> **OPINION** |

**CECCHI, District Judge.**

**I.     INTRODUCTION**

Before the Court is Appellant Alexander Ivchenko's ("Appellant" or "Ivchenko") appeal pursuant to 28 U.S.C. § 158(a) from the September 6, 2019 opinion and judgment (ECF No. 1-3) of the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court"). The Bankruptcy Court entered a judgment in the amount of $206,920 in favor of the Bankruptcy Trustee Nancy Isaacson ("Appellee" or "Trustee") for turnover of a pre-petition shareholder loan made by Nationwide Ambulance Services, Inc. ("Nationwide" or "Debtor") to Ivchenko, its principal ("Shareholder Loan"). The Court has considered the materials submitted in support of and in opposition to the appeal. ECF Nos. 5, 10. The Court has jurisdiction pursuant to 28 U.S.C. § 1334. For the reasons set forth below, the Bankruptcy Court's opinion and judgment are affirmed.

**II.     BACKGROUND**

Nationwide filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on January 11, 2013 (the "Petition Date"). ECF No. 1-3 at 2. Nationwide subsequently engaged

in re-organization efforts, which ultimately failed. Id. at 2–3.  On April 22, 2015, the case converted to a Chapter 7 proceeding. Id. at 3.  On April 23, 2015, Appellee was appointed as Chapter 7 trustee. Id.  Appellee retained the accounting services of Bederson LLP to investigate Nationwide's books and records. Id.

After Bederson's investigation, Appellee sent a demand letter to Appellant seeking repayment of the Shareholder Loan balance of $206,920. Id.  Appellant, the sole shareholder of Nationwide, refused to make payment. Id.  Appellee then commenced suit on December 27, 2016, in the Bankruptcy Court. Id.  Appellee commenced the proceeding to recover the outstanding loan balance pursuant to Section 542(b) of the Bankruptcy Code. Id. at 1.

The Bankruptcy Court rendered a decision on September 6, 2019, finding for Appellee. Id. at 16.  The Bankruptcy Court found the Shareholder Loan had been outstanding since 2012, was the property of the estate, was a matured debt, and Appellee had met her burden to recover the debt. Id. at 9–10.  The Bankruptcy Court made these determinations after reviewing Nationwide's books and records, 2014 tax return, and Monthly Operating Reports, which showed a Shareholder Loan had been outstanding since 2012. Id. 4–7.  Shari Harstein, a Bederson account manager, and Appellee both testified that the loan balance had been outstanding since 2012. Id. at 9.

### III.  LEGAL STANDARD

United States District Courts have jurisdiction to hear appeals "from final judgments, orders, and decrees" of Bankruptcy Courts. 28 U.S.C. § 158(a).  Questions of fact on appeal are reviewed using the clearly erroneous standard. Ram Constr. Co., Inc. v. American States Ins. Co., 749 F.2d 1049, 1053 (3d Cir. 1984).  "A factual finding is clearly erroneous when the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." In re CellNet Data Sys., Inc., 327 F.3d 242, 244 (3d Cir. 2003) (quoting United States

v. Gypsum Co., 333 U.S. 364, 356 (1948)).  Questions of law on appeal are reviewed *de novo*. See In re Engel, 124 F.3d 567, 571 (3d Cir. 1997) (citing Zolfo, Cooper & Co. v. Sunbeam-Oster Co., 50 F.3d 253, 257 (3d Cir. 1995)).

### IV. DISCUSSION

Appellant challenges the factual findings of the Bankruptcy Court regarding the Shareholder Loan.  Appellant argues he was not indebted to Nationwide at the time the company filed for bankruptcy. ECF No. 5 at 3.  Appellant alleges the Shareholder Loan was repaid between 2011 and 2012, but that it remained on Nationwide's records due to accounting errors. Id. at 2–3.  Thus, Appellant seeks relief from the Bankruptcy Court's judgment. Id. at 3.

Section 542(b) of the Bankruptcy Code provides "an entity that owes a debt that is property of the estate and that is matured, payable on demand, or payable on order" must pay that debt to the trustee. 11 U.S.C. § 542(b).  Property of the estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case." Id. § 541(a)(1).  The plaintiff bears the burden of establishing a cause of action under Section 542(b). See In re Irwin, 509 B.R. 808, 816 (Bankr. E.D. Pa. 2014).

At the trial level, Appellant's factual assertions were found not to be credible. ECF No. 1-3 at 9.  Unless the factual findings of the Bankruptcy Court are found to be clearly erroneous, the findings will be upheld. See Ram Constr., 749 F.2d at 1053.  Here, the Bankruptcy Court found the loan balance had been outstanding since 2012. ECF No. 1-3 at 9.  Additionally, the Bankruptcy Court found the debt is matured, presently owed by Appellant, and payable on demand. Id.

The Bankruptcy Court's determinations were supported by documentary evidence, the testimony of Shari Harstein, a Certified Public Accountant, and the testimony of Appellee. Id. at 4–5. Nationwide's books and records, 2014 tax return, and Monthly Operating Reports all showed

3

there was a Shareholder Loan which had been outstanding since 2012. Id.  Appellant himself confirmed and certified (under penalty of perjury) Nationwide's Monthly Operating Reports, which confirm the existence of the Shareholder Loan. See id. at 5; see also ECF No. 10 at 13.

The Bankruptcy Court found both witnesses, Harstein and Appellee, to be credible. Id. at 4.  Further, the Bankruptcy Court was satisfied with Harstein's credentials and knowledge and experience in forensic accounting of bankrupt entities. Id at 4–5.  Harstein is a Certified Public Accountant and a Certified Insolvency and Restructuring Advisor with twenty years of experience in conducting forensic accounting for bankrupt entities. Id.  Additionally, Harstein's testimony directly rebutted Appellant's unsupported argument that the Shareholder Loan was repaid. Id. at 6–7.  Harstein determined all of Appellant's loan payments were recorded on Nationwide's QuickBooks file and Appellant failed to repay the loan in full. Id. at 10.

The Bankruptcy Court's findings are thus supported by both documentary evidence and testimonial evidence.  The Bankruptcy Court's factual findings do not indicate a clear error has been committed. See In re CellNet Data Sys., Inc., 327 F.3d at 244.  Therefore, this Court affirms the Bankruptcy Court's finding that the Appellant owes an outstanding debt.

The Bankruptcy Court was also correct to find the Shareholder Loan is property of the estate and was properly turned over to the Appellee.  The commencement of a bankruptcy case creates an estate, which includes "all legal or equitable interests of the debtor" as of the Petition Date. 11 U.S.C. § 541(a)(1).  Here, the Bankruptcy Court found the loan balance had been outstanding since 2012. ECF No. 1-3 at 9.  The loan balance was listed as an asset on Nationwide's Balance sheet when it filed for relief under Chapter 11 of the Bankruptcy Code in 2013. Id. at 2, 9.  Pursuant to Section 541(a), the loan balance became property of the estate at that time. See 11 U.S.C. § 541(a).  Further, the loan balance was correctly determined by the Bankruptcy Court to

4

be matured and payable on demand. ECF No. 1-3 at 9; see Rosenberg v. Smith, 2014 WL 563667, at *3 (N.J. App. Div. Feb. 13, 2014). By this Court's analysis of the record and relevant legal authority, any questions of law in the Bankruptcy Court's findings were correctly determined.

The Bankruptcy Court relied on documentary evidence and witness testimony to find the Shareholder Loan was outstanding at the Petition Date. The Bankruptcy Court's factual findings do not indicate a clear error has been committed and the Bankruptcy Court's legal conclusions were proper. Accordingly, the Shareholder Loan was appropriately turned over to Appellee. 11 U.S.C. 542 (b).

**IV.   CONCLUSION**

For the foregoing reasons, the opinion and judgment of the Bankruptcy Court is affirmed. An appropriate order accompanies this opinion.

**DATED**: August 31, 2020

**CLAIRE C. CECCHI, U.S.D.J.**